AMERICAN BOX MACHINE Co. v. DAY and others.

(*Circuit Court, E. D. Pennsylvania.* May 13, 1887.)

PATENTS FOR INVENTIONS—LETTERS PATENT No. 298,879—NOVELTY—COMBINATION OF OLD DEVICES.

Letters patent No. 298,879 were granted to Gordon Monroe, May 20, 1884, for "Box Covering and Trimming Machine." The claims in the patent were for a new and useful combination of old devices. *Held,* that the combination possessed patentable novelty, and the patent was valid.

In Equity.

*Redding, Wetmore & Jenner,* for complainant.

*Moon & Bliss,* for respondents.

BUTLER, J. A very few words will express all we desire to say in this case. The suit—as now pressed—is for infringement of claims 2 and 3 of letters patent No. 298,879, issued to Gordon Monroe, May 20, 1884, for "Box Covering and Trimming Machine." These claims are for the machine itself, which consists of a combination of old devices. The defense is twofold,—want of patentable novelty and non-infringement. The presumption in favor of patentable novelty—arising from the patent— must be allowed to stand until overborne by countervailing proof, certain and convincing. Such proof we do not find in the case. To discuss and contrast the several exhibits relied upon by the defendants, and the conflicting testimony of witnesses, would serve no useful purpose. It is sufficient to say that the evidence does not show such a prior state of the art as would justify a finding against the patent. The combination seems to be new, highly useful, and, we think, shows invention. There can be little, if any, room to doubt that the defendants' machine is substantially like the plaintiff's. It embraces the same elements, (or their mechanical equivalents,) combined in the same manner, and operates in the same way. The circumstance that its pasting-cylinder may be an improvement on the plaintiff's is unimportant. Notwithstanding the earnestness and ability with which the defense was presented, a careful examination of the case has led us to this conclusion.

A decree must be entered for the plaintiff as above indicated.